NOT DESIGNATED FOR PUBLICATION

No. 128,375

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

CARLOS R. JUAREZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed in part, reversed in part, and remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Defendant Carlos R. Juarez appeals the Sedgwick County District Court's order revoking his probation on two misdemeanor convictions, directing that he serve concurrent one-year jail sentences on them, and deferring his probation on two felony convictions until he completed the sentence. We agree with Juarez that the district court had no authority to postpone the felony probation during the time he served the misdemeanor sentence. Consistent with one remedy Juarez has suggested, we reverse the order postponing the felony probation and remand with directions that the district court

reinstate that probation with any lawful modifications that might be warranted based on Juarez' stipulated violations.

By way of background, Juarez pleaded guilty to two felony criminal threat charges and received a 6-month prison sentence on each to be served consecutively and to two misdemeanor charges of violating a protective order and received a 12-month jail sentence on each to be served concurrently but consecutive to the felony sentences. The factual circumstances underlying the convictions are irrelevant. Juarez apparently agreed to a two-day jail sanction with his probation officer for a technical violation. Later, the State sought two warrants for new technical violations. At a probation hearing in October 2024, Juarez stipulated to violations that have been identified in the journal entry as the failure to make payments, the failure to complete outpatient drug treatment, and being arrested in Oklahoma without having obtained permission to go to Oklahoma.

At the hearing, the district court suggested it would be difficult to revoke Juarez' felony probation. So the district court ordered Juarez to serve the misdemeanor sentences and after completing that 12-month term to then serve an extended 1-year probation on the felonies with additional conditions. Juarez has appealed. We presume he has completed the jail sentence.

On appeal, Juarez raises two issues: (1) The district court lacked the authority to defer the felony probation; and (2) his overall sentence violated the limitation in K.S.A. 21-6819(b)(4) known as the double rule, capping the controlling term of incarceration on multiple felonies to double the sentence for the primary conviction. The controlling facts are undisputed, and the resolution of the issues largely comes down to how we apply the governing statutes. We, therefore, confront questions of law we review without any particular deference to the district court. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010); *State v. Mejia*, 58 Kan. App. 2d 229, 231-32, 466 P.3d 1217 (2020). As we explain, the first point has merit, and the second does not.

2

On the first issue, Juarez argues that the only way the district court could have imposed the disposition it did was to order a lesser sentence on the felony convictions of one year in jail and, having done so, Juarez could not have then been placed on probation. See K.S.A. 22-3716(c)(1)(C) (upon revoking felony probation, district court may impose "any lesser sentence"); *State v. Kinder*, 307 Kan. 237, 242, 408 P.3d 114 (2018) (once defendant has served term of imprisonment, they cannot be placed on probation for that crime). But Juarez frames the issue in a way that collapses his desired remedy—to be free of any further probation—with his characterization of what the district court did or how we should revisit and revise what the district court did. We disagree with his presentation. The district court clearly stated that it was not revoking the felony probation and was ordering Juarez to serve the misdemeanor sentences while deferring the felony probation. We decline to turn the district court's order into something it plainly is not.

The initial question—and, as it turns out, the dispositive question—is whether the district court had some legal basis to postpone the felony probation until Juarez served the misdemeanor sentences. The district court lacked statutory authority to enter such an order.

Criminal defendants have no constitutional right to probation. The imposition and disposition of probation operate by way of statutory grant. So district courts may do only what the Legislature has expressly permitted them to do. *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985) (absent legislative authority, district court "is without judicial power to . . . place the defendant, who has been convicted, on probation"); *State v. Oathout*, 65 Kan. App. 2d 851, 854, 573 P.3d 751 (2025) ("[A] district court lacks the inherent prerogative to extend probation to a convicted felon or to craft terms of probation the Legislature has not authorized."). In short, "district courts have neither constitutional nor inherent power to expand the statutory boundaries for probation." *Oathout*, 65 Kan. App. 2d at 858.

Under K.S.A. 22-3716(c), when a district court finds a defendant has violated the terms of their felony probation, as happened here, it may either continue the defendant on probation or revoke their probation and order them to serve their original sentence or a lesser sentence. The choice is a binary one. There is no statutory language permitting a district court to order a defendant to serve a jail sentence on a misdemeanor or a prison sentence on one felony while deferring or postponing probation on another felony until the sentence has been completed. The district court's creative disposition here lacked any anchor in the statutes governing probation and probation revocations. The order was, therefore, improper.[*]

[*] In some circumstances, a district court may not revoke a felony probation unless the defendant has already served a short jail sanction for an earlier probation violation. See K.S.A. 22-3716(c)(1)(B)-(C), (c)(7). The requirement for a sanction and the exceptions to that requirement have no bearing on the issue in this appeal.

On this point, we must fashion an appropriate remedy. We have already discounted Juarez' preferred position. He alternatively suggests that we remand to the district court with directions to impose a sanction and continue on with the felony probation. In the absence of some other obvious fix, we essentially agree. On remand, the district court may reconsider the length and conditions of the felony probation with due deference to the time Juarez has already spent on probation and order a lawful probation on the felony convictions. But absent some compelling circumstance, there would seem to be no reason to again extend the felony probation.

For his second point on appeal, Juarez contends his original sentence violated K.S.A. 21-6819(b)(4) that limits a total term of incarceration to twice the length of the term imposed for the base or primary offense. Here, that would be the six-month prison sentence for one of the felony criminal threat convictions. Juarez would have a good argument if the statutory limitation encompasses jail sentences for misdemeanors. But we

4

conclude the rule does not. The restriction in K.S.A. 21-6819 appears in the statutory article dealing with the sentencing guidelines, so it applies to felonies. No language in that statute suggests the limitation extends to or includes misdemeanor sentences. We would improperly read something into the statute that is not found there if we accepted Juarez' argument. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006) ("A statute should not be read to add language that is not found in it or to exclude language that is found in it."); *Oathout*, 65 Kan. App. 2d at 859. The statutes specifically covering misdemeanor sentences appear in a different article and include no comparable limitation. K.S.A. 21-6602 (punishment for misdemeanors); K.S.A. 21-6606(a) (generally permitting district court to impose consecutive sentences on convictions for misdemeanors and felonies).

The appellate courts have consistently rejected the argument Juarez recycles to us. See *State v. Snow*, 282 Kan. 323, 346, 144 P.3d 729 (2006) (dicta); *State v. Huff*, 277 Kan. 195, 197, 83 P.3d 206 (2004) (dicta); *State v. Phipps*, 63 Kan. App. 2d 698, 712-16, 539 P.3d 227 (2023), *appeal dismissed* 320 Kan. 616, 624, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025; *State v. Reed*, 23 Kan. App. 2d 661, 663, 934 P.2d 157 (1997). We are not necessarily bound by Kansas Supreme Court dicta. See *State v. Hankins*, 304 Kan. 226, 237, 372 P.3d 1124 (2016) ("dicta . . . binds nobody"); but see *Jamerson v. Heimgartner*, 304 Kan. 678, 686, 372 P.3d 1236 (2016) (studied, though nonessential, commentary offered in appellate opinion in response to briefing and as guidance "should not be lightly disregarded"). Although the procedural posture of *Phipps* strips the panel opinion of any precedential value, we may give its reasoning persuasive weight. See *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 270, 261 P.3d 943 (2011). We consider that appellate authority to be sound, if not binding, and, therefore, find Juarez' position to be without merit.

The district court order revoking the misdemeanor probations is affirmed, the order postponing the felony probation is reversed, and the case is remanded with directions to impose lawful probation.

Affirmed in part, reversed in part, and remanded with directions.